UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**HELEN SWINDELL,**

    **Plaintiff,**

v.                                                      **Case No. 8:10-cv-995-T-30TGW**

**ACCREDITED HOME LENDERS,
INC., et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon the Motions to Dismiss the Amended Complaint filed by the State of Florida (Dkt. #28) and Ben-Ezra & Katz, P.A. (Dkt. #32) and Plaintiff's response to each (Dkts. #31, #33). The Court, having reviewed the pleadings, memoranda and relevant case law, concludes that the motions should be granted and the Amended Complaint dismissed with prejudice.

Plaintiff alleges that Defendant Accredited Home Lenders, Inc. (Accredited) represented by Ben-Erza & Katz, P.A. (the correct name appears to be Ben-Ezra and the Court will use that reference) filed suit to foreclose a mortgage against a home in which she had an interest. The Amended Complaint does not describe Plaintiff's property interest, stating only that she was one of three defendants named in the foreclosure action. The other two defendants were Crystal Smith and Will Swindell. The Amended Complaint alleges that Will Swindell is "dead and was not properly disposed of in the state court action."

Plaintiff asserts that she was indigent and unable to obtain counsel to represent her in the foreclosure action. She contends the failure to appoint counsel violated her Fifth and

Fourteenth Amendment rights of due process and equal protection. The Amended Complaint alleges Accredited and Ben-Ezra "committed a fraud on the state court and the plaintiffs when they failed to follow the Florida Statutes and rules of court in their suit to foreclosure in that they represented to the court that they had completed all the necessary prerequisites to obtain a final judgment where in fact they had not done so."

As against the State of Florida, the Amended Complaint asserts an individual and class action for declaratory and injunctive relief. Plaintiff requests this Court to "set aside all pleadings" in the state court foreclosure action and declare that all indigent persons in foreclosure actions are entitled to the assistance of an appointed attorney, paid for by the State, and to enjoin further foreclosure proceedings where indigent persons are not represented.

As to Accredited and its attorneys Ben-Ezra, Plaintiff asserts they committed fraud on her and the state court by:

(1) knowingly failing to serve her properly,

(2) knowingly failing to serve subsequent pleadings while improperly proceeding to a summary judgment and representing to the state court that all prerequisites necessary for a summary judgment had been properly completed,

(3) knowingly submitting a certificate of title and on the same day filing the mortgage and note which reflect the additional names of Crystal Smith and Will Swindell,

(4) knowingly falsifying a revised motion for summary judgment,

  (5) fraudulently issuing a publication in local newspapers only as to Crystal Smith and not other defendants,

  (6) knowingly and fraudulently submitting a notice of sale to the state court, and

  (7) failing to properly deal with the interest of Will Swindell.

For relief, Plaintiff asks this Court to hold the state court action in abeyance, hold an evidentiary hearing on the facts alleged, declare Plaintiff's Fifth and Fourteenth Amendment rights to have been violated, and award such damages as to which she may be entitled.

### Standard of Review

Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). Nonetheless, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

While in the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1959, 1965; *see also Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974, n. 43 (11th Cir. 2008) (noting the abrogation of the

"no set of facts" standard and holding *Twombly* "as a further articulation of the standard by which to evaluate the sufficiency of all claims"). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## Discussion

Ever since *Gideon v. Wainwright*, indigent criminal defendants facing imprisonment have enjoyed a right to assistance of counsel for their defense. *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792 (1963). Plaintiff invites this Court to extend that rule to indigent civil defendants. But the Supreme Court has spoken on this issue and until it changes its position, this Court may not indulge Plaintiff's request. In *Lassiter v. Department of Social Services of Durham County, North Carolina*, 452 U.S. 18, 101 S.Ct. 2153 (1981), the Supreme Court made clear that a constitutional right to appointed counsel exists only where the litigant may lose his or her physical liberty. And, even if it could, this Court would not declare that the State of Florida must pay for an attorney for all indigent defendants in foreclosure actions. Since indigent defendants in civil cases are not entitled to appointed counsel, Plaintiff's assertion that her Fifth and Fourteenth Amendment rights were violated fails as a matter of law.

As to the claims against Accredited and Ben-Ezra, all factual allegations of fraud relate to mistakes or missteps in the foreclosure proceeding itself. Errors committed in the course of litigation will not support a separate action for fraud. Such action is barred by the judicial and litigation privileges. *See Bolin v. Story*, 225 F.3d 1234 (11th Cir. 2000); *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380 (Fla. 2007).

Fraud inherent in the litigation process is considered fraud on the court. If Plaintiff can prove fraud on the court, her remedy lies in the state court, either in the form of a direct appeal of the proceedings or a timely action to set aside the final judgment. Relief does not lie in this Court.

For the foregoing reasons, the Amended Complaint fails to set forth any claims cognizable in this Court and therefore the Amended Complaint must be dismissed with prejudice.

It is therefore ORDERED AND ADJUDGED that:

1. The Motions to Dismiss the Amended Complaint filed by the State of Florida (Dkt. #28) and Ben-Ezra & Katz, P.A. (Dkt. #32) are GRANTED.

2. The Amended Complaint is dismissed with prejudice in its entirety against all parties.

3. The Clerk is directed to terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on December 15, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2010\10-cv-995.mtd 28.frm